972 F.2d 346
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jim ALLARD, Plaintiff-Appellant,
v.
THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-1303.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1992.
 
 Before DAVID A. NELSON, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Jim Allard, a pro se appellant, appeals a district court judgment upholding the Department of Health and Human Services' (DHHS) decision not to release certain records to him which he requested under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a(d)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Allard sought three types of information contained in his social security claim file maintained by the Social Security Administration (SSA), an agency under DHHS. He requested: (1) medical records about him; (2) other records pertaining to his ex-wife and children; and (3) all other (nonmedical) records in his claim file.
 
 
 3
 Despite some confusion regarding how many requests for information were filed by Allard and answered by the defendant, the district court granted the defendant's motion for partial dismissal under Fed.R.Civ.P. 12(b)(6) pertaining to his request for his own medical records. The district court found dismissal on this issue was proper because Allard failed to exhaust his administrative remedies by not designating a representative to receive and review his medical records as required by 20 C.F.R. § 401.410 (1991). With regard to Allard's request for other information, the district court granted the defendant's motion for partial summary judgment, finding the release of information would constitute a clearly unwarranted invasion of personal privacy under 5 U.S.C. § 552(b)(6).
 
 
 4
 Allard has filed a timely appeal. His pro se, rambling brief has been construed as arguing those claims which he raised before the district court. He requests the appointment of counsel.
 
 
 5
 Upon review, we conclude that Allard's claim regarding his request for his own medical records was properly dismissed for failure to state a claim as even when the factual allegations of the complaint are accepted as true, it is clear that the appellant could prove no set of facts which would entitle him to relief. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990).
 
 
 6
 With regard to the other information Allard requested, partial summary judgment in favor of the defendant was proper because there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 7
 Accordingly, Allard's request for counsel is denied and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.